The Honorable Jack Critcher State Senator #30 Trestle Court Batesville, AR 72501-3711
Dear SENATOR CRITCHER:
I am writing in response to your request for an opinion on the following:
A business or system provides county jail inmates with healthcare services, billing the county according to contract terms for costs related to inmates presented to a hospital and provided healthcare services. Does it alter the responsibility for payment if the health problems treated are caused by pre-existing conditions? In other words, if the condition is pre-existing, does the inmate bear responsibility for treatment costs?
RESPONSE
I must initially note that I have no information regarding the contract you have mentioned or the healthcare services provider. I assume, however, that the County, through this contract, is discharging its responsibility under the law to ensure that inmates of the county jail receive needed medical services. As explained below, this responsibility may include paying for such services if the services would not otherwise be provided, although the County can seek reimbursement from the inmate. The provision of medical services to County inmates cannot, in my opinion, legally be conditioned upon the inmate's ability or willingness to pay; and there is no exception for pre-existing conditions. Accordingly, even if it assumed that the contract is somehow relevant to the issue of payment, the only question should be who, as between the provider and the County, is responsible. The inmate should not in any event bear the initial responsibility, although he or she may be required to reimburse the payer.
Please note that I have enclosed an opinion issued by one of my predecessors, Attorney General Opinion 96-135, which succinctly explains the controlling law in this area. As explained in that opinion, a county has a constitutional, as well as a statutory, responsibility to see that county inmates receive needed medical care. This may include paying for the medical services, if the services would not otherwise be provided. Op. Att'y Gen. 96-135 at 2, citing A.C.A. § § 12-41-504,[1] City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983) (establishing the principle that if the only way by which a governmental entity can obtain the medical care that is needed by a detainee is to pay for it, then the governmental entity must pay), and Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347, 349-50 (3rd Cir. 1987) (noting that prison officials may not condition the provision of medical care on the prisoner's ability or willingness to pay, the theory being that because of their incarceration, prisoners are in a condition of "imposed financial dependency.")
As Opinion 96-135 also makes clear, there is no exception for medical care attributable to a pre-existing condition. That opinion involved a particular county ordinance that disclaimed responsibility on the part of the county for the costs of medical treatment provided to inmates of the county jail for, inter alia, `pre-existing illness, injury or disease, or for treatment, medication, or incidental medical expenses prescribed, recommended, or directed by a treating physician prior to the incarceration of the person[.]" Id. at 1 (quoting Van Buren County Ordinance 95-22). It was concluded that the ordinance conflicted with state law in purporting to disclaim the county's responsibility, pursuant to A.C.A. § 12-41-504, supra at n. 1, to pay for such costs. Id. at 2.
State law is therefore clear in requiring the County to provide medical and other services to county jail inmates. This requirement is also imposed under federal constitutional principles. The allocation of the cost of that care as between the County and the provider of the services is a matter that might be addressed by contract. Otherwise, state law in my opinion requires that the County must pay, although it may obtain reimbursement from the inmate, or from the inmate's property. The inmate is ultimately responsible for the cost of medical services pursuant to A.C.A. § 12-41-505 which, as amended byAct 117 of 2007,[2] provides in relevant part:
(a)(1) Every person who may be committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he shall be convicted, shall pay the expenses in carrying him to jail and also for his support from the day of his initial incarceration for the whole time he remains there.
(2) The expenses which accrue shall be paid as directed in the act regulating criminal proceedings.
* * *
(c) The property of such person shall be subject to the payment of such expenses.
For further information regarding proceedings for the collection of costs incurred in providing services to inmates, see Op. Att'y Gen.2003-005.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Subsection 12-41-504 states that "[t]he quorum court in each county shall prescribe the method and procedure for feeding and keeping prisoners confined in the county jail and shall provide for payment for food and services." A.C.A. § 12-41-504 (Repl. 2003) (emphasis added).
[2] The 2007 enactment has no bearing on your question. It imposed a booking and administration fee in certain cases for the support of county jails and regional detention facilities. *Page 1